# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CURTIS SATTERLEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 06-473-RAW-KEW |
| | ) |
| MIKE ADDISION, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his convictions in Carter County District Court Case Number CF-2002-315 for Rape in the First Degree (Count 1), three counts of Forcible Sodomy (Counts 2, 3, and 4), Lewd Molestation (Count 5), and Rape by Instrumentation (Count 6). He sets forth the following grounds for relief:

I. Both trial and appellate counsel denied petitioner his constitutional right to effective assistance of counsel by failing to challenge the illegal seizure of the homemade video from the home as beyond the scope/language of the warrant.

II. Appellate counsel was ineffective in failing to include the substantive claims above in the ineffective trial counsel and cumulative error claims raised on appeal.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's brief in his direct appeal.

B.  The State's brief in petitioner's direct appeal.

C.  Summary Opinion affirming petitioner's Judgment and Sentence. *Satterlee v. State*, No. F-2004-16 (Okla. Crim. App. Apr. 29, 2005).

D.  Findings of Fact and Conclusions of Law denying petitioner's application for post-conviction relief. *State v. Satterlee*, No. CF-2002-315 (Carter County Dist. Ct. June 5, 2006).

E.  Petitioner's brief in support of his post-conviction appeal.

F.  Order Affirming Denial of Post-Conviction Relief. *Satterlee v. State*, No. PC-2006-0727 (Okla. Crim. App. Aug. 7, 2006).

G.  Excerpt of petitioner's jury trial transcript.

H.  Petitioner's motion to suppress all evidence obtained in the search of petitioner's residence.

I.  Intake form for Thomas Satterlee, dated July 9, 2002, from the Child Advocacy Center in Ardmore, Oklahoma.

**Facts**

On July 4, 2002, petitioner's 14-year-old son Thomas ("T.J.") ran away from home and was picked up by the Ardmore police three days later (Tr. 224). T.J. told the police that petitioner had physically and sexually abused him, so T.J. was placed in protective custody (Tr. 230-31). He subsequently was interviewed by police and had a medical examination, which revealed injuries consistent with long-term sexual abuse (Tr. 230-31, 387-89). Petitioner was charged with instances of abuse that allegedly occurred on July 4, 2002.

The evidence presented at trial included T.J.'s testimony, the testimony of Karen Stowers, R.N., who performed T.J.'s sexual abuse examination, and the testimony of family friends and acquaintances who described the relationship between T.J. and petitioner. The

2

State was allowed to introduce and play for the jury an explicit, 40-minute homemade videotape showing petitioner and his wife Nancy Satterlee having sex. It was the State's contention that the sexual acts depicted on the tape were similar to the acts alleged by T.J., so the tape was relevant to show petitioner's "signature" and to identity petitioner as the perpetrator of the crimes against T.J. With T.J. as the only eyewitness, the State acknowledged "there was no other evidence that showed [petitioner] had a propensity toward the various unconventional sexual acts he was accused of conducting with [T.J.]" (State's direct appeal brief, Docket #11, Exhibit 2 at 7-8).

## Ground I: Ineffective Assistance of Trial and Appellate Counsel--Search Warrant

Petitioner alleges his trial and appellate counsel were ineffective in failing to challenge the illegal seizure of the homemade videotape as beyond the scope and language of the search warrant. He first raised this claim in his application for post-conviction relief. T.J. told Ardmore Police Officer Ed Harwood in a videotaped interview that, in connection with the molestation episodes, his father usually played a pornographic movie depicting "guys and girls, and there was two girls and then this guy and they were doing things sexual" (Docket #11, Exhibit 5 at 12). There was, however, no mention of a consensual sex tape of James and Nancy Satterlee. T.J. said the pornography was played on the computer or VCR, and the July 4, 2002, sexual abuse was preceded by his father's watching pornography on the computer. Petitioner, therefore, argued in his post-conviction application that the commercial pornography in the closet was properly seized, but the homemade video was outside the scope of the warrant. In addition, Officer Harwood was told about the content of the homemade video by Nancy Satterlee, and the homemade video was not compatible with a VCR and only could be viewed on a handheld camcorder. According to petitioner,

3

as soon as Harwood viewed the tape and realized it was not the type of pornography described by T.J., a second search warrant was required before viewing the rest of the tape.

The state district court denied post-conviction relief, finding petitioner's claims were procedurally barred, because the issues could have been raised at trial or on direct appeal. *State v. Satterlee*, No. CF-2002-315 (Carter County Dist. Ct. June 5, 2006). The Oklahoma Court of Criminal Appeals (OCCA) affirmed, finding trial counsel was not ineffective, and the claim was barred by the doctrine of *res judicata*. *Satterlee v. State*, No. PC-2006-0727, slip op. at 2 (Okla. Crim. App. Aug. 7, 2006). The OCCA further found petitioner's appellate counsel was not ineffective, because "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." *Id.*, slip op. at 2-3 (citing *Cartwright v. State*, 708 P.2d 592 (Okla. Crim. App. 1985)). The OCCA did not address the merits of petitioner's Fourth Amendment claim.

> The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect. See, *e.g., Strickland v. Washington*, 466 U.S. 668, 686 (1984); *United States v. Cronic*, 466 U.S. 648, 655-657 (1984). In order to prevail, the defendant must show both that counsel's representation fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 688, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.

*Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986).

Officer Ed Harwood's affidavit for the search warrant stated, "Thomas said that his father starts watching pornographic movies, and that is when he calls Thomas into the room for anal and oral sex" (Docket #7, Exhibit G at 2). Contrary to petitioner's allegations, there is nothing in the record showing that T.J. described the videos as "commercial," so the court finds there was no reason to exclude the homemade videotape. The search warrant authorized the seizure of, among other things, "any evidence of video pornography used while molesting Thomas Satterlee." *Id.* Officer Harwood testified he found a couple of broken commercial videotapes in the closet, and a couple of small, 8-mm. home videotapes for a handheld camcorder in the Saterlees' dresser drawer (Tr. 429-33, 440). Nancy Satterlee testified that the homemade video was not recovered until Officer Harwood asked if there were other tapes beside the commercial pornography (Tr. 608-09). Harwood did not realize the relevance of the homemade tape until he viewed it (Tr. 433-34). The State argued at trial that the video's scenes of anal sex, threats of violence, domination, use of simulated penises, etc., were similar to the acts of abuse described by T.J.

Petitioner argues the homemade videotape was outside the scope of the warrant, because Thomas never alleged his father made him watch a pornographic home videos, and the video was not in plain view. Furthermore, because the homemade tape could only be played in a handheld camcorder, it could not have been one of the videos that petitioner played on a VCR. The record, however, shows that T.J. was picked up by the Ardmore Police on July 7, 2002, and transported to a shelter in Durant, Oklahoma (Docket #11, Exhibit 7; Tr. I 223-30). T.J.'s interview was videotaped at the Child Advocacy Center on July 9, 2002 (Docket #11, Exhibit 9; Tr. 230-31), so any information he communicated in the videotaped interview was not known to the police when the warrant was executed on July 8,

5

2002 (Tr. 441).

The Tenth Circuit Court of Appeals has set forth the general standard for evaluating when the Fourth Amendment's particularity requirement has been met:

> The fourth amendment requires that warrants particularly describ[e] . . . the persons or things to be seized. This requirement prevents a general, exploratory rummaging in a person's belongings, and makes general searches . . . impossible and prevents the seizure of one thing under a warrant describing another. As to what is be taken, nothing is left to the discretion of the officer executing the warrant. The particularity requirement [also] ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause.
>
> The test applied to the description of the items to be seized is a practical one. A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized. Even a warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit. However, the fourth amendment requires that the government describe the items to be seized with as much specificity as the government's knowledge and circumstances allow, and warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized.

*United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988) (internal quotations, citations, and footnote omitted).

Here, the court finds the warrant was as specific as the knowledge and circumstances at the time allowed, and the homemade videotape was properly seized. Regardless of Nancy Satterlee's description of the homemade videotape, it fit the description contained in the warrant. Because the seizure of the videotape was proper, Officer Harwood was authorized by the warrant to view the seized tape without a second warrant. The fact that the videotape was not in VHS format is not relevant, because there is no indication the videotape or handheld camcorder could not be connected to play on a television or computer.

Because there was no Fourth Amendment violation in the seizure of the homemade videotape, petitioner's trial and appellate counsel were not ineffective in failing to pursue these claims. *Kimmelman*, 477 U.S. at 374-75. Ground I of this habeas corpus petition fails.

**Ground II: Ineffective Assistance of Apellate Counsel--Ineffective Trial Counsel and Cumulative Error Claims**

Petitioner alleges in Ground II that appellate counsel was ineffective in failing to offer "specific support" to the OCCA on the claims regarding trial counsel's failure to (1) request a corroboration instruction, and (2) investigate the charges, adequately prepare a defense, develop mitigating evidence, and obtain the testimony of an expert. Petitioner reiterates his claim regarding the seizure of the homemade videotape, and alleges appellate counsel failed to impeach the State's expert with available materials, and complains of trial counsel's "handling of the motion to suppress." Petitioner, however, fails to provide this court with the materials that allegedly would have shown his claims to be meritorious. Instead, he makes a conclusory statement that the OCCA "was not given a complete picture of trial counsel's glaring omissions at trial." He then concludes that if appellate counsel had raised the claims separately, and as a basis for an ineffective trial counsel claim, "there exists a reasonable probability the Oklahoma Court of Criminal Appeals would have reached a different result."

As discussed above, the OCCA considered this claim and denied relief, finding that appellate counsel did not have to present every issue regardless of merit. *Satterlee*, No. PC 2006-0727, slip op. at 2-3. Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After careful review the court finds petitioner has failed to present any evidence showing he is entitled to relief on this claim, and the OCCA's determination of this issue was consistent with federal law. *See United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995) ("The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal.").

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 29th day of April 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE